Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135
asegal@bhfs.com
bcloveland@bhfs.com

*Attorneys for Defendant Teamsters Local 631 Security Fund for Southern Nevada*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HARRIS LAW FIRM, LLP, a Nevada limited liability partnership, dba RICHARD HARRIS LAW FIRM,<br><br>Plaintiff,<br><br>v.<br><br>NAILA LYNN MARTINEZ, an individual; A&M CHIROPRACTIC WELLNESS CENTER, LLC, a Nevada limited liability company, AARGON AGENCY, INC., a Nevada corporation dba AARGON COLLECTION AGENCY; APEX MEDICAL CENTER, a Nevada corporation; CANYON MEDICAL BILLING, LLC, a Nevada limited liability company; ANDREW M. CASH, M.D., P.C., a Nevada Professional Corporation dba DESERT INSTITUTE OF SPINE CARE; ELLIS, BANDT, BIRKIN, KOLLINS, & WONG, PROF. CORP., a Nevada Professional Corporation dba DESERT RADIOLOGISTS; ENRICO FAZZINI, M.D., an individual; DANIEL L. BURKHEAD, M.D., LTD., a Nevada corporation dba INNOVATIVE PAIN CARE CENTER; WOODWARD AVE., LLC, a Nevada limited liability company dba INNOVATIVE PROCEDURAL AND SURGICAL CENTER; LAS VEGAS PHARMACY, INC. a Nevada corporation; MD SPINE SOLUTIONS, LLC, a California limited liability company dba MD LABS; PLUSFOUR, INC., a Nevada corporation; RAXO DRUGS, INC., a Nevada corporation; SHADOW EMERGENCY PHYSICIANS, PLLC, a Nevada professional limited liability company; SMART ASSET INVESTMENTS, | CASE NO.: 2:17-cv-02827-MMD-NJK<br><br>(Clark County District Court Case No. A-17-762138-C)<br><br>**DEFENDANT TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT IN INTERPLEADER** |

LLC, a Nevada limited liability company; VALLEY HEALTH SYSTEM, LLC, a Delaware limited liability company dba SPRING VALLEY HOSPITAL MEDICAL CENTER; TEAMSTERS LOCAL 631 TRUST FUNDS, an unknown entity; THEODORE M. THORP M.D., PROF CORP., a Nevada Professional Corporation; MATTHEW G. ROACH, D.C., PROF. CORP, a Nevada corporation dba WESTON CHIROPRACTIC; WILLIAM S. MUIR, M.D., LTD., a Nevada corporation dba WILLIAM MUIR, MD SPINE SURGERY; and DOES I through X, inclusive

Defendants.

Defendant Teamsters Local 631 Security Fund for Southern Nevada (incorrectly named as the Teamsters Local 631 Trust Funds and hereinafter referred to as "Security Fund") by and through its counsel of record, the law firm of Brownstein Hyatt Farber Schreck, LLP"), answers Plaintiff's Complaint in Interpleader ("Complaint") as follows:

1. Answering Paragraphs 1 through 18 of the Complaint, Security Fund is without sufficient knowledge or information on which to form a belief as to the truth or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every allegation contained therein.

2. Answering Paragraph 19 of the Complaint, Security Fund denies each allegation therein and affirmatively alleges that it is a nonprofit self-funded plan operating in Southern Nevada.

3. Answering Paragraphs 20 through 25 of the Complaint, Security Fund is without sufficient knowledge or information on which to form a belief as to the trust or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every allegation contained therein.

4. Answering Paragraph 26 of the Complaint, Security Fund is without sufficient knowledge or information on which to form a belief as to the trust or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every

1  allegation contained therein. Security Fund affirmatively alleges that it has valid first priority
2  subrogation, lien, repayment, trust and assignment rights to the third party recovery in the amount
3  of $13,097.66, plus attorney's fees incurred by Security Fund. Security Fund also affirmatively
4  alleges that to the extent there are insufficient settlement funds to recover the amounts owed from
5  the third-party insurance company, Security Funds' right to reimbursement supersedes and takes
6  first priority over any other amounts owed to any other lien holder, regardless of Plaintiff's claim
7  for attorney's fees.

5.  Answering Paragraphs 27 through 32 of the Complaint, Security Fund is without sufficient knowledge or information on which to form a belief as to the trust or falsity of the allegations contained therein, and based on such lack of knowledge or information, denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim against Security Fund on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claim against Security Fund is governed and prevented by the Employee Retirement Income Security of 1974 ("ERISA"), as codified in 29 U.S.C. § 1001 *et seq.*

**THIRD AFFIRMATIVE DEFENSE**

Security Fund's first priority subrogation, lien, repayment, trust and assignment rights of amounts recovered from third parties by Plaintiff is governed by the Security Fund's Plan's Summary Plan Description.

**FOURTH AFFIRMATIVE DEFENSE**

It has been necessary for Security Fund to retain counsel to defend this action, and is therefore entitled to an award of reasonable attorney's fees.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Security Fund reserves the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

## **COUNTERCLAIM**

For its Counterclaim against Plaintiff/Counterdefendant Harris Law Firm, LLP, a Nevada limited liability partnership, dba Richard Harris Law Firm ("Plaintiff"), Defendant/Counterclaimant Teamsters Local 631 Security Fund for Southern Nevada (incorrectly named as the Teamsters Local 631 Trust Funds and hereinafter referred to as "Security Fund") alleges as follows:

1. This Counterclaim arises under 29 U.S.C. § 1132(a)(3). The Court has jurisdiction over the Security Fund's federal law claims pursuant to 29 U.S.C. § 1132(e) (ERISA) and 28 U.S.C. § 2201 (declaratory judgment), and as to the Security Fund's state law claims, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

2. The Security Fund is an employee welfare benefit plan, as that term is used in 29 U.S.C. § 1002(1).

3. The Security Fund is a nonprofit organization described in 26 U.S.C. § 501(c)(9), namely a voluntary employee beneficiary association or "VEBA."

4. The Security Fund provides health benefits to Security Fund participants.

5. The Security Fund is not a for-profit insurance company or an insurance company of any kind, but instead is self-funded through the pooled contributions made by employers, and investment returns on those contributions.

6. Naila Martinez was, at all times relevant to this matter, a Security Fund participant, as that term is used in 29 U.S.C. § 1002(7).

7. Naila Martinez was, at all times relevant to this matter, a beneficiary to the Security Fund, as Daniel Martinez's dependent, and as that term is used in 29 U.S.C. § 1002(8).

8. On information and belief, Plaintiff was the law firm representing Naila Martinez with respect to the Security Fund's claims herein.

9. Naila Martinez was injured as a result of a car accident on January 11, 2013.

10. At the time of injury, Naila Martinez was a beneficiary to the Security Fund.

11. The rules under which a beneficiary, like Naila Martinez, may receive Security Fund benefits are set forth in the Security Fund's Summary Plan Description.

12. The Security Fund's rules include many provisions designed to preserve Security Fund assets for the payment of benefits to its participants and their family members.

13. Because the Security Fund is a VEBA, and not a for-profit insurance company, the Security Fund (through its Trustees) must take steps, through the adoption of rules and otherwise, to ensure the Security Fund expends the limited resources it has as prudently and frugally as possible.

14. One such rule adopted by the Security Fund is that, if the Security Fund pays for injuries caused to a Security Fund participant by a liable third party, the Security Fund must be repaid out of recoveries from that liable third party.

15. The Security Fund's rules in this regard are designed to be fair and equitable to all participants, whose employer contributions are used to pay claims, and to ensure repayment to the Security Fund out of any recovery from a third party.

16. The Security Fund's rules state that, to the extent a beneficiary, like Naila Martinez, recovers from a third party after the Security Fund has already paid benefits, the beneficiary is required to reimburse the Security Fund for those benefits within ten (10) days of such recovery ("Repayment Rights").

17. The Security Fund's Repayment Rights extend to a beneficiary's attorney, agent, assignee, Security Fund or any other person or entity holding funds on behalf of a participant.

18. The Security Fund's rules provide that when a beneficiary is injured by a third party, from the moment medical services are rendered for which the Security Fund pays benefits, the Security Fund has a first priority lien on any recoveries from a liable third party, no matter how labeled or denominated ("Lien Rights").

19. The Security Fund's Lien Rights extend to a beneficiary's attorney, agent, assignee, Security Fund or any other person or entity holding funds on behalf of a beneficiary.

20. The Security Fund's rules provide that, to the extent a beneficiary recovers from a third party after claims have already been paid by the Security Fund, the beneficiary holds those funds in constructive Security Fund for the Security Fund and must pay such amounts over to the Security Fund within ten (10) days of receipt ("Constructive Trust Fund").

21. The Security Fund's Constructive Trust Fund rights extend to a beneficiary's attorney, agent, assignee, Security Fund or any other person or entity holding funds on behalf of a beneficiary.

22. The Security Fund's rules provide that any recoveries owed by a third party are deemed assigned to the Security Fund prior to receipt by the beneficiary, or anyone else receiving such funds on her behalf, and such funds, thus assigned, are the sole property of the Security Fund and subject to immediate turnover to the Security Fund.

23. The Security Fund's rules explicitly require first priority and full reimbursement regardless of whether or not the amount recovered is sufficient to make the beneficiary whole and without deduction or offset for attorney's fees and costs.

24. The Security Fund's rules provide that all its third-party recovery rules, as set forth above, are cumulative and may be asserted singly, together and in any combination.

25. The Security Fund's rules provide a strict duty of cooperation with the Security Fund's third-party recovery rules. Failure to comply with such rules renders a participant

ineligible for any Security Fund benefits under the terms of the ERISA-regulated employee welfare benefit plan.

26. The Security Fund's rules regarding third-party recoveries state that, if any legal action is required for the Security Fund to enforce any of its rights, the participant and beneficiaries shall be liable to the Security Fund for all its legal costs, fees and expenses, without regard to whether such legal action results in a judgment or order.

27. Plaintiff has received recoveries from third parties that exceed all of the claims the Security Fund has paid for benefits on Naila Martinez's behalf for her accident-related injuries.

28. Despite demands, Plaintiff has failed and refused to repay to the Security Fund the amount of medical claims it has paid on behalf of Naila Martinez related to the injuries caused by a third party.

29. To the contrary, Plaintiff sued the Security Fund in a state interpleader action, forcing the Security Fund to pay for attorney's fees and costs to defend that lawsuit and petition for removal to this Court.

30. The funds recovered from the third-party are currently being held by Plaintiff.

**CLAIM ONE: ENFORCEMENT OF ERISA PLAN LIEN RULES
AND FORECLOSURE OF LIEN
(29 U.S.C. § 1132(a)(3))**

31. Paragraphs 1 through 30 above are incorporated by reference here as though fully set forth.

32. Pursuant to the Security Fund's Summary Plan Description, an ERISA plan document, a lien exists on third-party recoveries in an amount equal to that paid out by the Security Fund due to Naila Martinez's injuries.

33. Plaintiff has failed to turn over the third-party recoveries on which the lien exists.

34. Plaintiff should be ordered to turn over the property on which the Security Fund's

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

lien exists, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Security Fund attributable to the third-party's liability to Naila Martinez for her injuries, plus attorney's fees and costs incurred by the Security Fund in this lawsuit.

### CLAIM TWO: CONSTRUCTIVE TRUST FUND
### (29 U.S.C. § 1132(a)(3))

35. Paragraphs 1 through 34 above are incorporated by reference here as though fully set forth.

36. Pursuant to the Security Fund's Summary Plan Description, an ERISA plan document, a constructive Trust Fund exists on third-party recoveries in an amount equal to that paid out by the Security Fund due to Naila Martinez's injuries.

37. Plaintiff has failed to turn over the third-party recoveries, which it holds in trust for the benefit of the Security Fund.

38. Plaintiff should be ordered to turn over the property it holds in Constructive Trust Fund for the Security Fund, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Security Fund attributable to the third-party's liability to Naila Martinez for her injuries plus attorney's fees and costs incurred by the Security Fund in this lawsuit.

### CLAIM THREE: ENFORCEMENT OF ERISA PLAN REPAYMENT RULES
### (29 U.S.C. § 1132(a)(3))

39. Paragraphs 1 through 38 above are incorporated by reference here as though fully set forth.

40. Pursuant to the Security Fund's Summary Plan Description, an ERISA plan document, beneficiaries and their attorney, agent, assignee, trust or any other person or entity holding funds on behalf of a beneficiary must repay to the Security Fund third-party recoveries in an amount equal to that paid out by the Security Fund due to their injuries, which amounts are deemed assigned to the Security Fund under its rules.

41. Plaintiff has failed to turn over the third-party recoveries in direct violation of the Security Fund's third-party repayment rules.

42. Plaintiff should be ordered to turn over the amounts required to be repaid pursuant to the Security Fund's third-party repayment rules, *i.e.*, the third-party recoveries that equal the amount of health benefits paid by the Security Fund attributable to the third-party's liability to Naila Martinez for her injuries plus attorney's fees and costs incurred by the Security Fund in this lawsuit.

**CLAIM FOUR: STATE LAW VIOLATION OF ASSIGNMENT**

43. Paragraphs 1 through 42 above are incorporated by reference here as though fully set forth.

44. Plaintiff knew of the Security Fund's assigned rights to the third-party recoveries attributable to Naila Martinez's injuries.

45. Plaintiff has violated the Security Fund's assignment by failing to turn over the assigned amounts.

46. Plaintiff, as Naila Martinez's attorneys, are personally liable for losses incurred by the Security Fund, if any, due to their failure to honor the assignment to the Security Fund.

47. Plaintiff should be ordered to pay the Security Fund the amount due for its assigned third-party recoveries attributable to Naila Martinez's injuries plus attorney's fees and costs incurred by the Security Fund in this lawsuit.

**CLAIM FIVE: PRELIMINARY INJUNCTION**

48. Paragraphs 1 through 47 above are incorporated by reference here as though fully set forth.

49. The Security Fund will suffer irreparable harm if no injunction is issued as its ability to recover the amounts to which it is entitled will be severely limited.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

50. The Security Fund is likely to succeed on the merits of its claims for repayment and reimbursement.

51. The balance of hardships tips in favor of the Security Fund because issuance of the injunction would merely delay Plaintiff's ability to disburse the funds until the Court has made its determination; however, failure to issue the injunction, and thereby allowing Plaintiff to dissipate or disburse the funds, would severely limit the Security Fund's ability to recover the amounts to which it is entitled.

52. It is clearly in the public interest to protect employee benefit plans, like the Security Fund, and see that rules intended to provide funding and security for the promised benefits they provide are upheld.

**CLAIM SIX: DECLARATORY JUDGMENT**
**(28 U.S.C. § 2201)**

53. Paragraphs 1 through 52 above are incorporated by reference here as though fully set forth.

54. Contrary to the Security Fund's claims above, Plaintiff seeks in its Complaint for immediate payment of attorney's fees and costs and to date has completely failed to disburse the amounts owed to the Security Fund.

55. Thus, a dispute has arisen and an actual controversy exists between Plaintiff and the Security Fund with regard to the proper interpretation and application of the Security Fund's plan.

56. A declaration of rights, responsibilities and obligations of the Plaintiff and the Security Fund is essential to determine the respective rights and obligations of the parties hereto.

WHEREFORE, the Security Fund prays for relief as follows:

1. That Plaintiff's Complaint be dismissed against Security Fund and Plaintiff take nothing thereby;

2. Attorney's fees and costs to defend the Complaint and to bring this Counterclaim;

3. Judgment against Plaintiff for an amount determined at trial;

4. Prejudgment interest;

5. Temporary and preliminary injunctive relief preventing the distribution or dissipation of the third-party recoveries received by Plaintiff;

6. For a declaratory judgment against Plaintiff as set forth above.

7. For such other relief as the Court deems appropriate.

Dated this 11th day of January, 2018.      BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Bryce C. Loveland
Adam P. Segal, Esq., Nevada Bar No. 6120
Bryce C. Loveland, Esq. Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for Defendant Teamsters Local 631 Security Fund for Southern Nevada*

16251183.1                                      11

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on January 11, 2018, I served a true copy of the foregoing **DEFENDANT TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT IN INTERPLEADER** via:

☒ a. **CM/ECF System** upon:

Richard Harris, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444.4444
Facsimile: (702) 444.4455
Email: Katie@richardharrislaw.com

*Attorneys for Harris Law Firm LLP dba Richard Harris Law Firm*

Kristina R. Weller, Esq.
DIMOPOULOS INJURY LAW
6830 S. Rainbow Blvd., Suite 200
Las Vegas, Nevada 89118
Telephone: (702) 800.6000
Facsimile: (702) 224.2114
Email: kw@stevedimopoulos.com

*Co-Counsel for Harris Law Firm LLP dba Richard Harris Law Firm*

Marisa C. Guarino, Esq.
6325 S. Jones Blvd., Suite 400
Las Vegas, NV 89118
Telephone: (702) 489.5687
Facsimile: (702) 960.4075
Email: mguarino@lienservicinggroup.com

*Attorney for Canyon Medical Billing, LLC*

Terry A. Coffing, Esq.
Jonathan B. Lee, Esq.
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
Email: tcoffing@maclaw.com
         jbl@maclaw.com

*Attorneys for Enrico Fazzini, M.D.*

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP

16251183.1

12